IN THE CIRCUIT COURT OF COAHOMA COUNTY, MISSISSIPPI

IDA MAE COOPER, DECEASED, BY AND
THROUGH LEE DORA FIELDS, AS
ADMINISTRATRIX AND AS REPRESENTATIVE
OF THE WRONGFUL DEATH BENEFICIARIES
OF IDA MAE COOPER, DECEASED            PLAINTIFFS

vs.            CIVIL ACTION NO. 14-CI-15-0020

FRESENIUS MEDICAL CARE HOLDINGS, INC.
D/B/A FRESENIUS MEDICAL CARE NORTH AMERICA;
FRESENIUS MEDICAL CENTER - CLARKSDALE;
AND JOHN DOES 1-10            DEFENDANTS

## COMPLAINT

Comes now the Plaintiff, Lee Dora Fields, as Administratrix of the Estate and as Representative of the Wrongful Death Beneficiaries of Ida Mae Cooper, Deceased, by and through counsel, and for his cause of action against the Defendants herein, states and alleges as follows:

### I. INTRODUCTION

1. This is an action for damages, including both survival and wrongful death actions, sustained by Ida Mae Cooper, arising from the negligent treatment, abuse, and neglect she suffered while she was a patient at Fresenius Medical Care Clarksdale in Clarksdale, Mississippi and was in the care of their employees or agents from on or about August 12, 2013.

### II. PARTIES

2. Lee Dora Fields is an adult resident of Drew, Mississippi. Lee Dora Fields was the sister of Ida Mae Cooper, Deceased, who resided at 1138 Page Avenue, Clarksdale, MS,

    38614. Following the death of Ida Mae Cooper, Lee Dora Fields, was duly appointed and qualified as the Administratrix of the Estate of Ida Mae Cooper, Deceased, by the Chancery Court of Coahoma County, Mississippi.

3. Upon information and belief, Fresenius Medical Care-Clarksdale is located at 2010 North State Street, Clarksdale, Mississippi, 38614 and is owned, managed and/or operated by Fresenius Medical Care North America Holdings, Limited Partnership, whose principal place of business is listed as 920 Winter Street, Waltham, MA 02451-1457 and is owned, managed and/or operated by RCG Mississippi, Inc., it may be served with process by serving CT Corporation System at 645 Lakeland East Drive, Suite 101, Flowood, MS., 39232.

4. That Fresenius Medical Care Clarksdale is a facility owned, operated and/or managed by Fresenius Medical Care North America Holdings, Limited Partnership, and it may be served with process through its Manager, Susan Caudell, at 2010 North State Street, Clarksdale, MS 38614.

5. John Doe Owners 1 through 10, are upon information and belief additional entities and/or individuals, identity and residency currently unknown or indefinite, who owned, controlled, and/or managed the facility known as Fresenius Medical Center Clarksdale located at 2010 North State Street, Clarksdale, MS 38614, who provided medical dialysis treatments to the decedent, Ida Mae Cooper. Plaintiff reserves the right to identify or change the identity of these defendants based upon discovery.

### III. GENERAL FACTUAL ALLEGATIONS

6. Ida Mae Cooper was an adult resident citizen of Coahoma County, Mississippi who was

diagnosed in 2009 with ESRD (End Stage Renal Disease), which required hemodialysis. Hemodialysis is the process of pumping blood through a dialyzer with a dialysate that cleans the blood before returning it to the body. Defendant employed non-medical personnel that provided this service to Ida Mae Cooper on her numerous visits to their facility, especially the visit of August 12, 2013.

7. After being dialyzed on August 12, 2013, Ms. Cooper returned to her home where she lived with her son, Ronald Cooper. By the next morning, Ronald Cooper found his mother, Ida Mae Cooper, in her bed with large amount of blood on the sheets. Ms. Cooper had become weak and lethargic. Mr. Cooper called the ambulance. By the time they arrived, Ms. Cooper had become unresponsive. The Ambulance Service transported her to Northwest Mississippi Regional Medical Center where she was pronounced dead due to AV Shunt hemorrhaging.

8. It was determined that the cause of Ida Mae Cooper's death was due to hemorrhage from ruptured vascular aneurysm which lead to congestive heart failure.

## COUNT I

## DIALYSIS CENTER'S OWNER, MANAGER, OPERATOR

9. The Defendants held their facility located in Clarksdale, Mississippi, out to be specialist in the field of hemodiaylsis, with the expertise, staff and resources necessary to provide dialysis in a prudent and safe manner for the patients, including Ida Mae Cooper;

10. The Defendants, their staff and employees were under a duty to provide reasonable and adequate health care to Ida Mae Cooper consistent with existing community standards;

11. At all times pertinent hereto, Ida Mae Cooper was a patient of the Defendant for the

purpose of having hemodialysis performed as a medical procedure, and as such, her medical health and safety was under the control and care of Defendant's employees, agents, officers, and servants;

12. The Defendants, their officers, agents, and employees, failed, refused, or neglected to perform their duties to provide reasonable and adequate care to and for Ida Mae Cooper, who relied upon the Defendant's competence and experience in providing adequate and safe hemodialysis;

13. The Defendants, their employees, agents, officers, and servants, negligently and carelessly provided hemodialysis to Ida Mae Cooper by employing non-medical personnel to perform dialysis and all of the alleged acts, omissions, and occurrences herein described were performed by their employees, agents, officers, and servants within the course and scope of their agency and employment with Defendants and in furtherance of Defendants' business;

14. After receiving hemodialysis on August 12, 2013, Ida Mae Cooper's AV Shunt on her left arm that was used to received hemodialysis at the Defendant's clinic, ruptured, causing her to bleed out while she slept. Upon being discovered by her son, Ronald Cooper, emergency medical personnel were summoned to their home, where life saving measures were started and continued by the emergency department personnel at Northwest Mississippi Regional Medical Center. When life saving measures were not effective, Ms. Cooper was pronounced dead o August 13, 2013. Upon taking a history of events and a physical examination, it was determined by the medical staff at Northwest Mississippi Regional Medical Center that Ida Mae Cooper's primary cause of death was

hemorrhage from a ruptured vascular aneurysm.

15. As a result of the negligence of the Defendant, Ida Mae Cooper sustained serious injuries including, emotional trauma, and physical injuries including, but not limited to, severe hemorrhaging from her AV Shunt in her left arm and her untimely death. Said injuries having occurred as a direct result of the improper care provided by the staff, agents, representatives and employees of the Defendant;

16. The aforementioned acts of negligence included physical contact with Ida Mae Cooper, and were outrageous and performed wilfully, wantonly, and with complete disregard of Ms. Cooper's rights, and in reckless indifference to the rights of others, and those acts further shock the conscience of the community;

17. Upon information and belief, Defendants failed to carry out these duties which constitutes a violation of Miss. Code Ann. § 43-47-19 which makes it unlawful for any person "to commi[t] an act or omi[t] the performance of any duty, which act or omission contributes to, tends to contribute to or results in the abuse, neglect or exploitation of any vulnerable adult ... ." This failure contributed to or tended to contribute to abuse, neglect or exploitation of Ida Mae Cooper. Ida Mae Cooper falls within the class of persons the this statute is intended to protect, thus entitling her to adopt such laws as the standard of care for measuring Defendant's conduct. Thus, the Plaintiff asserts that the conduct of Defendant amounts to negligence per se, entitling Plaintiff to damages for personal injury to Ida Mae Cooper and punitive damages for the wilful, wanton and/or capricious conduct of these Defendants in proximately causing and/or contributing to the above described damages.

18. Upon information and belief, Defendant wrongfully failed to carry out these duties which failure proximately caused injuries to Ida Mae Cooper. Separate and apart from Miss. Code Ann. § 43-47-19, Defendant's conduct failed to meet the standard of care in the hemodialysis industry owed by providers of skilled medical staff to patients such as Ida Mae Cooper thus constituting common law negligence and gross negligence, entitling Plaintiff to damages for personal injury to Ida Mae Cooper and punitive damages for the wilful, wanton and/or capricious conduct of these Defendants in proximately causing and/or contributing to the above described damages.

## COUNT II

### DIALYSIS CENTER'S TECHNICIAN NEGLIGENCE

Plaintiff incorporates by this reference the previous paragraphs of this Complaint as if fully re-written herein;

19. The Defendant's Dialysis Technicians are being sued in their individual capacity for their own acts of negligence.

20. Dialysis Technicians at all times material to this action shared in the responsibility for the safe and proper administration of hemodialysis of Ida Mae Cooper while she was in their care at the Defendant's facility in Clarksdale, Mississippi.

21. In carrying out their duties, the Dialysis Technicians should have had direct contact and opportunity to observe Ida Mae Cooper throughout the day.

22. Dialysis Technicians, at all times pertinent hereto, had a duty to provide the level of care in performing hemodialysis to Ida Mae Cooper that Defendant represented that it would provide.

23. Dialysis Technicians, by their own actions and/or omissions, carelessly and negligently failed to provide adequate hemodialysis to Ida Mae Cooper which actions included, but are not limited to, to wit:

    a. Failing to observe Ida Mae Cooper sufficiently to become aware of acts of neglect Ida Mae Cooper;

    b. Failing to observe Ida Mae Cooper sufficiently to become aware of changes in her condition;

    c. Failing to immediately report to supervisory personnel matters related to Ida Mae Cooper's condition, safety and well being;

    d. Failing to notify superiors when there was a problem with the AV Shunt to Ida Mae Cooper's left arm;

    e. Failing to notify superiors of a bleeding AV Shunt to Ida Mae Cooper's left arm;

    f. Failing to recognize and report to supervisors medical conditions/symptoms which required additional attention or which hastened Ida Mae Cooper's untimely death; and

    g. Failing to provide appropriate care to prevent hemorrhaging;

24. Upon information and belief, Dialysis Technicians failed to carry out these duties which constitutes a violation of Miss. Code Ann. § 43-47-19 which makes it unlawful for any person "to commi[t] an act or omi[t] the performance of any duty, which act or omission contributes to, tends to contribute to or results in the abuse, neglect or exploitation of any vulnerable adult ... ." This failure contributed to or tended to contribute to abuse, neglect or exploitation of Ida Mae Cooper. Ida Mae Cooper falls within the class of persons the

this statute is intended to protect, thus entitling her to adopt such laws as the standard of care for measuring Defendant's conduct. Thus, the Plaintiff asserts that the conduct of the Dialysis Technicians amounts to negligence per se, entitling Plaintiff to damages for personal injury to Ida Mae Cooper and punitive damages for the wilful, wanton and/or capricious conduct of these Defendants in proximately causing and/or contributing to the above described damages.

25. Upon information and belief, Dialysis Technicians wrongfully failed to carry out these duties which failure proximately caused injuries to Ida Mae Cooper. Separate and apart from Miss. Code Ann. § 43-47-19, Dialysis Technicians' conduct failed to meet the standard of care in the dialysis industry owed by direct care workers to patients such as Ida Mae Cooper thus constituting common law negligence and gross negligence, entitling Plaintiff to damages for personal injury to Ida Mae Cooper and punitive damages for the wilful, wanton and/or capricious conduct of these Defendants in proximately causing and/or contributing to the above described damages.

26. Those Defendants whom Dialysis Technicians acted as agent for or who employed them or supervised or directed his/her actions are also being sued in this count under theories of vicarious liability.

27. Those Defendants who recommended the hiring or retention of Dialysis Technicians, or who supervised their work or who participated in their training are also being sued under this Count for independent negligence in carrying out their duties related to recommending, hiring, training, evaluating, supervising, and reviewing the work of Dialysis Technicians.

## COUNT III

### INFLICTION OF EMOTIONAL DISTRESS

28. Plaintiff incorporates by reference the previous paragraphs of this Complaint as if fully re-written herein.

29. The acts of each of the Defendants set forth above were outrageous and performed wilfully, wantonly, and with complete and reckless disregard of Ida Mae Cooper's rights and the rights of her family, and those acts further shock the conscience of the community and caused Ida Mae Cooper and her family to suffer severe mental anguish and emotional distress.

## COUNT IV

### WRONGFUL DEATH

30. Plaintiff incorporates by reference the previous paragraphs of this Complaint as if fully re-written herein.

31. The negligent and wrongful acts of each of the defendants set forth above was a proximate contributing cause of the death of Ida Mae Cooper.

32. As a result of the death of Ida Mae Cooper, caused by Defendants wrongful actions, Plaintiffs have suffered damages including funeral and medical expenses, the present net cash value of the life expectancy, the loss of society and companionship, the pain and suffering of Ida Mae Cooper between the time that her AV Shunt ruptured and her subsequent demise.

33. As Ida Mae Cooper's death was caused by acts which constitute gross negligence, Plaintiffs are entitled to exemplary or punitive damages for the wilful, wanton and/or

capricious conduct of these Defendants in proximately causing and/or contributing to the above described damages.

WHEREFORE, Plaintiff prays for:

A. Judgment on Count I of this Complaint in an amount to be proven at trial, but in excess of the jurisdictional amount of the Court;

B. Judgment on Count II of this Complaint in an amount to be proven at trial, but in excess of the jurisdictional amount of the Court;

C. Judgment on Count III of this Complaint in an amount to be proven at trial, but in excess of the jurisdictional amount of the Court;

D. Judgment on Count IV of this Complaint in an amount to be proven at trial, but in excess of the jurisdictional amount of the Court;

E. Exemplary and punitive damages on each Count herein in an amount reasonably calculated to prevent the culpable defendants and others from engaging in such conduct in the future;

F. Past mental and physical pain, distress, suffering and inconvenience in an amount to be proven at trial

G. Past medical expenses in an amount to be proven at trial

H. Miscellaneous expenses incurred by Plaintiffs, including but not limited to travel expenses, necessitated by the negligent acts of any of the defendants or those whose actions they were responsible for;

I. Pre-judgment and post-judgment interest where applicable;

J. For Trial by Jury on those issues so triable;

J.  For Trial by Jury on those issues so triable;

K.  For Plaintiff's costs, including reasonable attorneys fees, incurred in connection with this matter; and

L.  For any and all other relief to which Plaintiff may be entitled in law or equity.

Respectfully submitted,

*[signature]*

GEORGE F. HOLLOWELL, JR.
Attorney for Plaintiff
P.O. Drawer 1407
Greenville, MS 38702-1407
Telephone: (662) 378 3103
Facsimile: (662) 378 3420
MSBN: 2559

FILED
2015 APR -7 PM 4:48
CIRCUIT CLERK
COAHOMA COUNTY MS

## ATTORNEY'S AFFIDAVIT OF PRE-CERTIFICATION

I, George F. Hollowell, Jr., have reviewed the facts of this case and have consulted with an experts qualified to give expert testimony as to the standard of care and/or negligence and said experts are knowledgeable in the relevant issues involved in this particular action. I have concluded that upon the basis of my review and consultation that there is a reasonable basis for the commencement of this action against the Defendant(s).

THIS, the 6th day of April, 2015.

_____
George F. Hollowell, Jr.

STATE OF MISSISSIPPI
COUNTY OF WASHINGTON

SWORN TO AND SUBSCRIBED BEFORE ME, on this the 6th day of April, 2015.

_____
Notary Public

My Commission Expires:

7-14-2018

FILED
2015 APR -7 PM 4:48
CIRCUIT CLERK
COAHOMA COUNTY MS